UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

RICHARD E. MROCH,

        Petitioner,

        v.                                            Case No. 04-CV-470

UNITED STATES OF AMERICA,

        Respondent.
_____

## ORDER

On May 17, 2004, Richard E. Mroch ("Mroch") filed a petition under 28 U.S.C. § 2255 to vacate, set-aside, or correct the federal sentence he currently is serving. This matter has been fully briefed and is now ready for decision. For the reasons set forth below, Mroch's petition will be denied.

## BACKGROUND

On November 11, 1998, a grand jury sitting in this district returned a superseding indictment charging Mroch, along with 16 other co-defendants, with Racketeer Influenced and Corrupt Organizations ("RICO") offenses, RICO conspiracy offenses, and drug conspiracy offenses. (*See United States v. O'Neill et al.*, Case. No. 97-CR-98, November 11, 1998 Superseding Indictment, Docket # 793.) Specifically, Mroch was charged at counts one through three with violations of 18 U.S.C. §§ 1962(c) and (d), 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. Mroch pled not guilty to each of these offenses, and after several

rounds of pretrial motions, he proceeded to trial. On June 15, 2006, Mroch was found guilty of all counts. He was sentenced to two concurrent terms of 240 months' imprisonment to run consecutive to a term of 48 months' imprisonment for a total sentence of 288 months. Mroch appealed to the Seventh Circuit Court of Appeals, which affirmed the convictions and sentence. *United States v. Warneke,* 310 F.3d 542 (7th Cir. 2002). He then petitioned for rehearing en banc and for writ of certiorari to the Supreme Court, both of which were denied.

Mroch's section 2255 petition sets forth a single ground where he alleges ineffective assistance of counsel. In his petition he requests an evidentiary hearing and an order of the court vacating his conviction and sentence. Additionally, on July 8, 2004, Mroch filed an amendment to his petition, adding a claim that his sentence was imposed in violation of his Sixth Amendment rights, pursuant to the holdings of *Blakely v. Washington*, 542 U.S. 738 (2004). The government filed a detailed response to his petition on January 6, 2006, and recommended that his petition be denied without a hearing.

## ANALYSIS

Section 2255 provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the ground that his sentence was imposed in violation of the Constitution or the laws of the United States. To receive relief under section 2255, a petitioner must demonstrate a "fundamental defect which inherently results in a complete miscarriage of justice."

*United States v. Addonizio,* 442 U.S. 178, 185 (1979). The Seventh Circuit has also articulated that the substance of the petition takes precedence over its form, and petitions that arise under section 2255 are properly treated as such. *Guyton v. United States*, 453 F.3d 425 (7th Cir. 2006). Mroch's petition clearly alleges that his sentence was imposed in violation of his Sixth Amendment rights, and the court notes at the outset it falls classically within the purview of section 2255 petitions.

## I.   Ineffective Assistance of Counsel

Mroch alleges his attorney was ineffective during the plea negotiations because he failed to adequately discuss the impact the sentencing guidelines would have on Mroch, should he reject the plea offer and proceed to trial. In support of his petition and claim that he was deprived the effective assistance of counsel, Mroch submitted a brief along with affidavits from himself, his mother, Carole Mroch; Charles Lahey ("Lahey"), a law enforcement official; and his trial attorney, Michael Barth ("Barth").

To establish that he was deprived of his right to effective counsel, Mroch must show (1) that his counsel's representation fell below an objective standard of reasonableness, and (2) that he was prejudiced because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 695 (1984). It is well-settled that the *Strickland* test applies to the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57 (1985). In the context of plea negotiations, the Seventh Circuit has

-3-

held that to meet the "prejudice" prong of *Strickland*, a defendant must establish through objective evidence that there is a reasonable probability that, but for counsel's advice, he would have accepted the plea offer. *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991).

Mroch asserts, through his brief and affidavit, that Barth received a plea offer from the government, whereby the parties agreed to seek a term of imprisonment of 70-87 months (Mroch's Pet. 6). At attachment 1 of Mroch's petition, he submits a copy of the actual May 14, 1999 plea offer tendered by the government which details that the government would allow Mroch to plead guilty to an information charging him with one count of racketeering in violation of 18 U.S.C. § 1959, and one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841. (Mroch's Pet. Attach. 1). At the time the offer was made, Mroch believed that it had been orally communicated to Barth by the government. He also stated that he did not receive a letter or any further details about this agreement until after his case was concluded. (*Id.*)

However, Mroch fully acknowledges that he was informed of this offer, and his statements, both in his brief and affidavit, also evidence that he was given specific information regarding the length of the potential sentence under the terms of the agreement and the offense he would plead guilty to. His statements further suggest that aside from discussing it with Barth, he discussed the offer with other individuals, specifically his mother and Lahey. Nevertheless, Mroch claims Barth's conduct fell

-4-

below an objective standard of reasonableness because he didn't adequately explain the potential sentence Mroch faced if he rejected the plea and proceeded to trial.

This circuit has continually held that in a criminal case, "defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution, and failure to do so constitutes ineffective assistance of counsel under the sixth and fourteenth amendments." *United States v. Golden*, 102 F.3d 936, 943 (7th Cir. 1996) (quoting *Johnson v. Duckworth*, 793 F.2d 898, 902 (7th Cir. 1986)). Mroch makes much hubbub about the fact that the government actually tendered the plea offer in writing to Barth, rather than orally, but this is irrelevant. So long as Barth communicated the essential terms of the agreement to Mroch, he has satisfied the Sixth Amendment right to counsel standards in the context of plea negotiations. *See Golden,* 102 F.3d 936, 943 (holding that "criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution, and that failure to do so constitutes ineffective assistance of counsel"). Mroch, his mother, and law enforcement agents all aver that Mroch was very much aware of the 6 to 6½ years sentence the government referred to in the plea offer. (Mroch Pet. 5, Attachs. 2-6.) Therefore, Barth has met this standard of effective counsel as defined by the Seventh Circuit; he assuredly communicated the prosecution's plea agreement to Mroch, and even went into some detail about the terms of the agreement.

Furthermore, it appears that Barth met the objectively reasonable standard of conduct in other aspects of his plea consultation with Mroch; specifically, his advice

that Mroch reject the plea offer. He informed Mroch that based on his experience as a trial attorney and his review of the evidence, he could defend his client and secure an acquittal. (Mroch Pet. 5-6; *see also* Barth Aff. ¶ 5). The *Strickland* standard affords attorneys a wide range of "reasonableness," and Barth's assessment should be given such deference. In fact, the *Strickland* burden is a high standard to meet; the defendant must allege "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687. It appears, both through Barth's statements and even Mroch's, that his assessment was based on a professional, thoughtful review of the evidence in this case. This advice is also distinguishable from the attorney's conduct in the *Toro* case Mroch cites. In *Toro,* the defendant's attorney urged his client to reject a plea for a 6 year sentence offered by the government, and when Toro was found guilty at trial, he received a 20 year term of imprisonment. *Toro*, 940 F.2d at 1066. Toro's attorney conceded that his advice for his client to reject the plea was based more upon an emotional desire for his client to not go to prison, rather than a professional and rational judgment based upon the law and the facts of the case. *Id.* at 1068. Here, the Seventh Circuit held that this conduct was indeed below the *Strickland* standard of objectively reasonable. *Id.* This situation is different because Barth drew on his past experience as an attorney which, combined with his review of the evidence, supported his conclusion that he could effectively defend his client; his judgment was both professional and rational, as well as reasonable.

-6-

Even assuming *arguendo* that Barth's conduct fell below an objective standard of reasonableness, Mroch is unable to meet the second prong of *Strickland,* that he was prejudiced. As stated above, he must be able to establish, through objective evidence, that there is a reasonable probability that but for his counsel's advice, he would have accepted the plea offer. *Toro*, 940 F.2d at 1068; *see also Pater v. United States*, 159 F.3d 1043, 1047 (7th Cir. 1998). After a review of the affidavits submitted by Mroch, the court finds that he has not set forth objective evidence to sustain his burden.

Most significantly, the affidavit Mroch submitted from Lahey, a law enforcement agent, in which Lahey states he recalled a conversation with Mroch where he learned that Mroch was offered a plea bargain by the government but he "declined the plea due to the fact that the change [sic] would require him to plead to possessing large quantities of cocaine which he did not 'honestly' possess."(Lahey Aff. ¶ 2). This statement completely undercuts any of the self-serving statements Mroch provided stating that but for the conduct of his attorney, he would have accepted the guilty plea. Lahey's affidavit demonstrates that Mroch both knew of and understood the relevant terms of the plea agreement, yet he chose not to accept it on the terms the government provided.

The affidavit of Carole Mroch, Mroch's mother, conveys similar information undercutting any possibility that Mroch would have accepted the plea agreement. Carole Mroch states that she too was aware of the plea offer the government

-7-

tendered and that she thought Mroch should have accepted the offer. Carole Mroch further states that she had multiple conversations with Barth about Mroch's case, and urged her son to accept the plea agreement the government offered. Carole Mroch also averred that her son declined to follow her advice based upon the representations his attorney made.

Additionally, Mroch's own affidavit and filings do not establish the necessary showing of prejudice. First, Mroch admits to knowing that he faced a lifetime term of imprisonment if he proceeded to trial and was found guilty. Despite this knowledge, Mroch states he simply assumed he would only face a maximum penalty of 10 years, and he cites to celebrity criminal cases for support as to why he believed he would receive a substantially lower sentence. (Mroch's Pet. 12.) However, Mroch's misunderstanding of reality based upon news reports does not implicate that Barth's representation was unreasonable. His affidavit also states that he was skeptical of accepting a plea agreement to the terms communicated to him by Barth, because of the large drug quantities the government required him to plead to. (Mroch's Aff. ¶ 7.) Even Mroch's statements that the rejection was based upon the advice of his attorney that he could competently defend Mroch at trial do not show that Mroch was prejudiced; the *Strickland* standard forbids a court from second-guessing an attorney's professionally reasonable advice in light of hindsight. *See Johnson v. United States*, 838 F.2d 201, 206-07 (7th Cir. 1998) ( stating that when reviewing an attorney's tactical decisions, *"Strickland* explicitly forbids" a court to "second-guess counsel's assistance").

Accordingly, after a review of the briefs and affidavits in the record, the court does not find that Mroch has produced the necessary objective evidence establishing that he was prejudiced as a result of his attorney's representation. To the contrary, the record discloses that Barth communicated a plea agreement, and after a knowing consultation with his client based upon his professional advice, Mroch rejected the plea agreement and exercised his right to proceed to trial.

## II.     Mroch's Request for an Evidentiary Hearing

Mroch cites to *United States ex rel. Simmons v. Bramley,* 915 F.2d 1128 (7th Cir. 1990) and requests an evidentiary hearing on his petition. (Mroch's Pet. 14.) A court may dismiss a 2255 petition without holding an evidentiary hearing if on the face of the record it appears the petitioner is not entitled to any relief. *Dagan v. United States,* 18 F.3d 460, 464 (7th Cir. 1994) ( citing *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir.1989)). In accordance with the court's analysis above, it finds that on the face of the record that Mroch is not entitled to any relief because he has not satisfied either prong of the *Strickland* test to demonstrate ineffective assistance of counsel.

## III.    *Blakely* Challenges

On July 8, 2004, Mroch filed a supplemental motion amending his section 2255 petition.  In this circuit, *Blakely* and its progeny, *United States v. Booker,* 543 U.S. 220 (2005), do not retroactively apply to sentences that became final before January 12, 2005.  The Seventh Circuit recently made this clear in

-9-

Case 2:04-cv-00470-JPS   Filed 07/11/07   Page 9 of 10   Document 10

*McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005):

> *Booker* does not apply to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004), came down, is the appropriate dividing line; *Blakely* reserved decision about the status of the federal Sentencing Guidelines, see id. at 2538 n.9, so *Booker* itself represents the establishment of a new rule about the federal system.

*Id.* at 481.

Here, the court is able to conclusively determine that Mroch is entitled to no such relief because his sentence became final well before January 12, 2005. As such, *Blakely* and *Booker* cannot constitute a ground for collateral attack under § 2255.

Accordingly,

**IT IS ORDERED** that Richard Mroch's petition under 28 U.S.C. § 2255 be and the same is hereby **DENIED;**

**IT IS FURTHER ORDERED** that Richard Mroch's request for an evidentiary hearing be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this   11th   day of July, 2007.

BY THE COURT:

 s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge